# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| In Re:<br><br>**WESTERN INSURANCE COMPANY,**<br><br>    Plaintiff,<br>vs.<br><br>**DICK L. ROTTMAN, JEFFREY P. SHAFFER, JANICE LYNN BOWMAN, BRADLEY A. PEARCE, R. SCOTT ROTTMAN, and JOHN DOES 1 THROUGH 10, individuals,**<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:13CV436 DAK |

This matter is before the court on Defendants Dick L. Rottman, Jeffrey P. Shaffer, Janice Lynn Bowman, Bradley A. Pearce and R. Scott Rottman's (the "Defendants") Motion to Dismiss. A hearing on the motion was held on October 31, 2013. At the hearing, Defendants were represented by Matthew N. Evans, and Plaintiff Western Insurance Company "("Western" or "Plaintiff") was represented by Scott M. Lilja and Mary Jane E. Galvin-Wagg. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

Western was a Utah-domiciled stock insurance company licensed to write property and casualty insurance in thirty-five states, including Utah. It is currently part of an insurance

insolvency proceeding in the Utah Third District Court ("Third District Court"). Lennard W. Stillman has been appointed by that court as the Special Deputy Liquidator (the "Liquidator") of Western under the Utah Receivership Act. As the Liquidator of Western, Mr. Stillman has brought this action on behalf of Western. The Defendants are former insiders, officers, and/or directors of Western.

In the Complaint, Plaintiff alleges that, with Defendant Dick L. Rottman at the helm, Western was entrusted with millions of dollars in connection with a variety of programs, including vehicle service contract and guaranteed premium reimbursement programs. According to Plaintiff, much of those funds—which were to be held in trust—were dissipated, without explanation or documentation. The Liquidator has received over $100 million in claims from creditors.

Defendants have moved to dismiss Plaintiff's Complaint in its entirety pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. They claim that all thirteen causes of action are based upon conclusory, unsupported facts that do not satisfy Plaintiff's pleading obligations under *Iqbal* and *Twombly*, and/or that the claims simply do not state a claim for relief against the Defendants.

Plaintiff, however, contends that given the nature and extent of the Defendants' influence, their exclusive custody and control of certain business and accounting records, and their very positions and titles, they cannot plausibly suggest that the Complaint fails to provide notice of the

claims against them.[1] Plaintiff argues that Defendants have overstated the requirements of *Iqbal* and *Twombly* and that Defendants have provided no support for their arguments that the claims have not been sufficiently plead. Plaintiff also seeks leave to amend if the court finds that any claim is not adequately plead.

At the outset, the court notes that during the oral argument on the instant motion, Plaintiff conceded that its Third (Commingling Funds Pursuant to Utah Code Ann. § 31A-23a-409), Fourth (Liability to Insureds), and Thirteenth (Violations of Utah Code Ann. §§31A-23a-601) Causes of Action should be dismissed. The dismissal of these causes of action, however, does not preclude Plaintiff from using the underlying evidence in support of other causes of action.

Regarding Plaintiff's remaining ten causes of action, the court finds that all but one–the Eighth Cause of Action–have been sufficiently plead under the standards set forth in *Iqbal* and

---

[1] Indeed, Mr. Stillman has provided a Declaration outlining Defendants' refusal to cooperate with Mr. Stillman's investigation and his repeated requests for records. He asserts that, section 31A-27a-110 of the Utah Code imposes a duty on every "present or former officer, manager, director, trustee, owner, or employee of an insurer" to cooperate with the Liquidator, but Defendants have failed to comply in a variety of ways. It appears that certain information, facts, and records that are necessary to Plaintiff's claims are in the exclusive custody and control of Defendants. Moreover, the Liquidator and counsel were informed that a number of Western's documents and records were destroyed during a fire at Dick Rottman's house and that no backup data or additional copies are available.

Defendants, on the other hand, repeatedly contend that "the liquidator for Western and has had access not only to all of its records but also to all of the records of its accountants and banking partners," Reply Mem. at 2, and that "Plaintiff has in his possession (or at least at his disposal) all of Western's banking and financial information" Reply Mem. at 6 n.1.

The parties appear to have a fundamental disagreement about the records to which Mr. Stillman, as the Liquidator, has access or possession. The court directs counsel, if they have not already done so, to meet and confer about existence of various records and Plaintiff's access to such records. Plaintiff shall then file a Status Report with the court within twenty-one (21) days.

*Twombly*. Moreover, given the circumstances surrounding this case, it would be premature to dismiss Plaintiff's claims given the alleged lack of cooperation from Defendants and the fundamental disagreements between the parties as to the existence of and Plaintiff's access to various documents. This is not a case in which Plaintiff has made mere conclusory allegations in an effort to embark on a fishing expedition to discover unknown wrongs.

As for Defendants' argument that Plaintiff has failed to satisfy the pleading requirements of FRCP 9(b) pertaining to its Eighth Cause of Action (to Avoid Constructively Fraudulent Transfers under Utah Code Ann. § 31A-27a-506)), the court agrees with Defendants that Plaintiff's pleading is insufficient. For the reasons set forth in Plaintiff's Memorandum in Opposition, the court agrees that the element of fraudulent intent may be satisfied by alleging "badges of fraud," but the court finds that Plaintiff has not identified any details (i.e., date, amount, recipient, etc.) concerning such transfers. Accordingly, the Eighth Cause of Action is dismissed without prejudice. Plaintiff may file an Amended Complaint that provided more particularity regarding this claim.[2]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's claims for Commingling Funds Pursuant to Utah Code Ann. § 31A-23a-409 (Third Cause of Action); Liability to Insureds (Fourth Cause of Action); and Violations of Utah Code Ann. §§31A-23a-601 (Thirteenth Cause of Action) are DISMISSED

---

[2] Plaintiff may (but is not required to) amend other causes of action if it has discovered additional information since the filing of its initial Complaint.

with prejudice for failure to state a claim. Plaintiff's Eighth Cause of Action is DISMISSED without prejudice. Plaintiff is granted leave to file an Amended Complaint within thirty (30) days of the date of this Order.[3] The remaining nine claims have been sufficiently plead. As noted above, the court directs counsel, if they have not already done so, to meet and confer about existence of various records and Plaintiff's access to such records. Plaintiff shall then file a Status Report with the court within twenty-one (21) days of the date of this Order.

DATED this 25th day of February, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] Plaintiff may seek additional time upon by filing a motion setting forth good cause.