IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **WESTERN INSURANCE COMPANY,**<br><br>　　Plaintiff,<br>vs.<br><br>**DICK L. ROTTMAN, JEFFREY P. SHAFFER, JANICE LYNN BOWMAN, BRADLEY A. PEARCE, R. SCOTT ROTTMAN, and JOHN DOES 1 THROUGH 10, individuals,**<br><br>　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:13-CV-436-DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Evelyn J. Furse |

　　This matter is before the court on the Plaintiff Western Insurance Company's ("Western's") Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to the Memorandum Decision and Order dated December 28, 2016, issued by Magistrate Judge Evelyn J. Furse. The objection has been fully briefed. The court concludes that a hearing would not significantly aid its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motion.

## BACKGROUND

　　On June 12, 2013, Defendants Dick L. Rottman, Jeffrey P. Shaffer, Janice Lynn Bowman, Bradley A. Pearce, and R. Scott Rottman filed a Notice of Removal of a state court action. The Plaintiff in the state court action is Western Insurance Company ("Western"), a stock insurance company licensed to write property and casualty insurance in several states, including Utah. In 2011, Western was placed into rehabilitation and into liquidation based on a

determination of insolvency. Western's Complaint alleges that Western's financial condition resulted from Defendants' misconduct.

On September 30, 2016, Defendants filed a Motion to Compel Discovery to obtain certain deposition testimony of Western, acting through its Special Deputy Liquidator. On December 29, 2016, Magistrate Judge Evelyn J. Furse issued a Memorandum Decision and Order granting in part and denying in part Defendants' Motion to Compel Discovery. Although the Memorandum Decision and Order denied the motion as to specific portions of the testimony that Defendants sought to obtain, the Memorandum Decision and Order granted the majority of the motion because it found the discovery to be both relevant and proportional. Mem. Decision and Order, at 4-7, Dec. 29, 2016, ECF No. 51.

On January 11, 2017, Western filed an Objection to Magistrate Judge Furse's Memorandum Decision and Order. Defendants filed a response to Western's objection, and Western filed a reply.

## DISCUSSION

Western objects to Magistrate Judge Furse's decision because, according to Western, Defendants are seeking to improperly depose the Liquidator to limit their pre-liquidation liability based on the post-liquidation status of Western and to improperly attack the correctness of the Liquidators actions and decisions in the liquidation as part of their defense strategy. Defendants argue that Western has not shown that Magistrate Judge Furse's decision was clearly erroneous or contrary to law as the standard requires and that the information Defendants are seeking to obtain through discovery is relevant and should be allowed. The court will address the merits of Western's objections.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 72(a), a district court is required to "consider timely objections [to a nondispositive order from a magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Under Rule 72, a district court is "required to 'defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law.'" *Allen v. Sybase, Inc.*, 468 F.3d 642, 658–59 (10th Cir. 2006) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)). The "clearly erroneous" standard under Rule 72(a) "applies to factual findings." *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890-TS-BCW, 2010 WL 3855347, at *2 (D. Utah Sept. 29, 2010). In order for a district court to overturn a magistrate judge's decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Williams v. Vail Resorts Dev. Co.*, No. 02-CV-16-J, 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003) (citation omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by a district judge." *Id.* (citations omitted).

**DEPOSITION OF LIQUIDATOR REGARDING POST-LIQUIDATION EVENTS**

In objecting to Magistrate Judge Furse's decision to allow Defendants to obtain the majority of the testimony that they sought to obtain from the Liquidator, Western does not

appear to be objecting to any of Magistrate Judge Furse's factual findings. Instead, Western appears to be objecting to the application of the legal standard that Magistrate Judge Furse applied. Therefore, the court should set aside Magistrate Judge Furse's Memorandum Decision and Order only if it applied an incorrect legal standard.

The court concludes that Magistrate Judge Furse did not apply an incorrect legal standard. Magistrate Judge Furse correctly noted that Federal Rule of Civil Procedure 26(b)(1) provides the standard for allowing parties to obtain discovery. Rule 26(b)(1) allows a party to obtain discovery "regarding any nonprivileged matter" if the discovery is both "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Magistrate Judge Furse also correctly notes throughout the Memorandum Decision and Order that allowing a party to discover evidence does not mean that the evidence will be admissible at trial. *See, e.g.*, Mem. Decision and Order, at 5-6, Dec. 29, 2016, ECF No. 51 ("This Court does not rule on the admissibility of this evidence but will allow discovery under these circumstances.").

In examining each category of evidence that Defendants are seeking to obtain deposition testimony on, Magistrate Judge Furse considered whether the discovery was relevant and proportional as the legal standard requires. When the Defendants had not provided sufficient evidence for the relevance and proportionality of the testimony, Magistrate Judge Furse denied the motion to compel discovery on that category of evidence. But when the court found that Defendants had established that the discovery was both relevant and proportional, Magistrate Judge Furse granted the motion to compel discovery on that category of evidence. Therefore, the court concludes that Magistrate Judge Furse correctly applied the appropriate legal standard in the Memorandum Decision and Order.

Western also provides other arguments for why Magistrate Judge Furse may have applied the incorrect legal standard, including that Utah statutes prohibit the type of evidence that Magistrate Judge Furse's order allowed Defendants to obtain in discovery. Western's other arguments go to the admissibility of the evidence and not to whether the evidence is discoverable. Therefore, the arguments are not relevant to a review of Magistrate Judge Furse's decision.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Western's Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to the Memorandum Decision and Order dated December 28, 2016, is DENIED. The court does not consider any part of Magistrate Judge Furse's order to be clearly erroneous or contrary to law and affirms her rulings in the order.

DATED this 13th day of February, 2017.

BY THE COURT:

DALE A. KIMBALL
United States District Judge